**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge William J. Martínez**

Civil Action No. 13-cv-0931-WJM-MWJ

JECENIA MIRANDA,

      Plaintiff,

v.

PRAXIS FINANCIAL SOLUTIONS, INCORPORATED, an Illinois corporation,

      Defendant.

---

**ORDER GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT**

---

      Plaintiff Jecenia Miranda ("Plaintiff") brings this action against Praxis Financial Solutions, Incorporated ("Defendant"), alleging violations under the Fair Debt Collections Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 *et seq*.  (ECF No. 1.)  Before the Court is Plaintiff's Motion of Default Judgment (the "Motion").  (ECF No. 11.)  For the following reasons, the Motion is granted.

## I.  BACKGROUND

      Plaintiff initiated this action by filing a Complaint on April 11, 2013.  (ECF No. 1.)  The Complaint alleges that "[s]ometime before 2012 the Plaintiff incurred a financial obligation that was primarily for personal, family or household purposes namely an amount due an owing on [a] personal account owed to Advance America Cash Advance" (the "Account").  (*Id.* ¶ 18.)  The Account went into default and was transferred to Defendant for collection.  (*Id.* ¶¶ 20-21.)  In the year prior to filing the instant action, Plaintiff and Defendant had telephone conversations discussing

Plaintiff's dispute of the Account.  (*Id.* ¶ 26.)  During these telephone conversations, Defendant told Plaintiff that: (1) the Account would remain on Plaintiff's credit report indefinitely unless and until paid; (2) Plaintiff's dispute of the Account had to be valid; and (3) Plaintiff's dispute of the Account was not valid.  (*Id.* ¶¶ 30, 32.)

Plaintiff brings claims against Defendant for making material misrepresentations in violation of the FDCPA.  (*Id.* ¶¶ 55-57.)  Plaintiff seeks the following damages: (1) $1,000.00 in statutory damages under the FDCPA; (2) $2,700 in attorney's fees; and (3) $420.00 in costs.  (ECF No. 11 at 9-10.)

Defendant was served with a Summons and a copy of the Complaint on April 12, 2013.  (ECF No. 6.)  After Defendant failed to answer or otherwise defend against this action, upon Plaintiff's motion, the Clerk of the Court entered default against Defendant. (ECF No. 8.)  Plaintiff filed the instant Motion on April 4, 2014.  (ECF No. 11.)

The Court has reviewed the Motion, the attached exhibit and affidavit, and the applicable law, and is sufficiently advised on the issues involved.

## II.  LEGAL STANDARD

Default must enter against a party who fails to appear or otherwise defend a lawsuit.  Fed. R. Civ. P. 55(a).  Pursuant to Rule 55(b)(1), default judgment must be entered by the clerk of court if the claim is for "a sum certain"; in all other cases, "the party must apply to the court for a default judgment."  Fed. R. Civ. P. 55(b)(2). "[D]efault judgment must normally be viewed as available only when the adversary process has been halted because of an essentially unresponsive party.  In that instance, the diligent party must be protected lest he be faced with interminable delay

and continued uncertainty as to his rights.  The default judgment remedy serves as

such a protection."  *In re Rains*, 946 F.2d 731, 732-33 (10th Cir. 1991) (internal

quotation marks and citation omitted).

Further, "a party is not entitled to a default judgment as of right; rather the entry

of a default judgment is entrusted to the 'sound judicial discretion' of the court."

*Greenwich Ins. Co. v. Daniel Law Firm*, 2008 WL 793606, at *2 (D. Colo. Mar. 22,

2008) (internal citation omitted).  Before granting a motion for default judgment, the

Court must take several steps.  First, the Court must ensure that it has personal

jurisdiction over the defaulting defendants and subject matter jurisdiction over the

action.  *See Williams v. Life Sav. & Loan*, 802 F.2d 1200, 1202-03 (10th Cir. 1986).

Next, the Court should consider whether the well-pleaded allegations of fact, which are

deemed admitted by a defendant in default, support a judgment on the claims against

the defaulting defendants.  *See Federal Fruit & Produce Co. v. Red Tomato, Inc.*, 2009

WL 765872, at *3 (D. Colo. March 20, 2009) ("Even after entry of default, however, it

remains for the court to consider whether the unchallenged facts constitute a legitimate

basis for the entry of a judgment.") (citations omitted).  "In determining whether a claim

for relief has been established, the well-pleaded facts of the complaint are deemed

true."  *Id.* (citing *Dundee Cement Co. v. Howard Pipe & Concrete Prods.*, 722 F.2d

1319, 1323 (7th Cir. 1983)).

Once the Court is satisfied that default judgment should be entered, it has the

discretion to hold a hearing to determine the amount of damages.  *See* Fed. R. Civ. P.

55(b)(2).  Generally, a damages hearing is not needed when the damages requested

are for a sum certain.  *See United States v. Craighead*, 176 F. App'x 922, 925 (10th Cir. 2006).

## III.  ANALYSIS

### A.  Jurisdiction

The Court finds that jurisdiction exists in this case pursuant to the FDCPA, which states that a plaintiff may pursue a civil cause of action "in any appropriate United States district court without regard to the amount in controversy[.]"  15 U.S.C. § 1692k(d).  Plaintiff alleges that Defendant called him in Colorado, and that these calls form the basis for this action.  (ECF No. 1 ¶¶ 12, 14.)  Accordingly, the Court finds that it has personal jurisdiction over the Defendant.

### B.  Plaintiffs' Claims

The FDCPA was created in part to "eliminate abusive debt collection practices by debt collectors[.]"  15 U.S.C. § 1692(e).  To that end, it prohibits debt collectors from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."  *Id.* at § 1692e.  The statute specifically prohibits the false representation of the "character, amount, or legal status of any debt" and the "use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."  *Id.* at §§ 1692e(2)(A), (10).  It further prohibits "[c]ommunicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed."  *Id.* at § 1692e(8).  The FDCPA also prohibits the use of "unfair or unconscionable means" to collect a debt.  *Id.* at § 1692f.

The statute provides for damages of $1,000, as well as costs and attorney's fees, regardless of whether plaintiff has shown any actual damage. *Id.* at § 1692k.

"When deciding claims brought pursuant to §§ 1692e and 1692f of the FDCPA, courts have used a 'least sophisticated means' standard to determine whether a debt collector's representations were false, deceptive, misleading, unfair, or unconscionable." *Hudspeth v. Capital Mgmt. Servs.*, 2013 WL 674019, at *4 (D. Colo. Feb. 25, 2013) (citing *Clomon v. Jackson*, 988 F.2d 1314, 1318 (2d Cir. 1993)). "The least sophisticated consumer is not a 'dimwit,' but rather 'uninformed, naive, and trusting.'" *Id.* (quoting *Wahl v. Midland Credit Mgmt.*, 556 F.3d 643, 645-46 (7th Cir. 2009)).

Other circuits have held that false statements must be material in order to be actionable under the FDCPA.  See *Donohue v. Quick Collect*, 592 F.3d 1027, 1033 (9th Cir. 2010); *Miller v. Javitch, Block & Rathbone*, 561 F.3d 588, 596 (6th Cir. 2009); *Hahn v. Triumph Partnerships*, 557 F.3d 755, 757 (7th Cir. 2009).  Although the Tenth Circuit has not explicitly resolved this issue, it has recently found that, in regards to a § 1692g claim, "[t]he FDCPA does not result in liability for every statement later alleged to be inaccurate, no matter how small or ultimately harmless." *Maynard v. Bryan W. Cannon, P.C.*, 401 F. App'x 389, 397 (10th Cir. 2010) (finding that an incorrect statement on its own does not violate § 1692g).  This Court has interpreted *Maynard* to require materiality in the context of a § 1692g claim.  See *D'Avanzo v. Global Credit & Collection Corp.*, 2011 WL 2297697, at *4 (D. Colo. Apr. 18, 2011).  Because § 1692k "fails to suggest a rationale for requiring materiality in the context of a claim under §

1692g but not a claim under § 1692e", this Court has concluded that materiality should also be considered in § 1692e cases.  *Id.*; *see also Hudspeth*, 2013 WL 674019, at *4 (requiring statement to be material to be actionable under the FDCPA)*; Lewis v. JP Morgan Chase Bank, Nat'l Assoc.*, 2014 WL 1217948, at *16 (D. Colo. Mar. 24, 2014) (quoting analysis in *Hudspeth*).  "Thus, a false statement is material if it would impact the least sophisticated consumer's decisions with respect to a debt."  *Hudspeth*, 2013 WL 674019, at *4.

Plaintiff argues that Defendant violated §§ 1692e, 1692e(2)(A), 1692e(8), 1692e(10), and 1692f of the FDCPA by making the following false and/or misleading statements: (1) the Account would remain on Plaintiff's credit report indefinitely unless and until paid; (2) to dispute the Account, Plaintiff's dispute must be valid; and (3) Plaintiff's dispute of the Account was not valid.[1]  (ECF No. 11 at 3.)

Plaintiff argues that the first statement is false because, under the Fair Credit Reporting Act, credit agencies may not report collection accounts that are more than seven years old.  *See* 15 U.S.C. § 1681c(4).  This Court has found that such a statement is false from the perspective of the least sophisticated consumer, because it "indicates that unpaid debt can remain on a credit report indefinitely instead of for a maximum of seven years."  *Hudspeth*, 2013 WL 674019, at *5.  This Court also found that a jury may find such a statement material.  *Id.* ("[T]he Court finds that defendant has failed to demonstrate that falsely stating that a debt will remain on a credit report indefinitely would be immaterial to the least sophisticated consumer.").

---

[1]  Because the Court finds that the first statement violates the FDCPA, it need not determine whether the second and third statements were also violations.

Taking the facts pled in Plaintiff's Complaint as true, the Court finds that Plaintiff has established that Defendant's first statement was a material misstatement in violation of the FDCPA. *Fasten v. Zager*, 49 F. Supp. 2d 144, 150 (E.D.N.Y. 1999) (finding that the defendant violated § 1692d(8) by reporting false credit information to the plaintiff); *D'Avanzo*, 2011 WL 2297697, at *3 (finding that whether misstatements regarding the time a debt will remain on a credit report were false or misleading was a question for the trier of fact); *Hudspeth*, 2013 WL 674019, at *5 (same).

**C.   Default Judgment for Sum Certain Damages**

Plaintiff seeks $1,000.00 in statutory damages under the FDCPA.  (ECF No. 11 at 7.)  The FDCPA authorizes an individual plaintiff to recover up to $1,000 in statutory damages. *See* 15 U.S.C. § 1692k(a)(2)(A).  Maximum statutory damages "should be reserved for egregious violations of the FDCPA."  *Sterling v. Am. Credit & Collections, LLC*, 2012 WL 3553757, at *4 (D. Colo. Aug. 16, 2012).  To determine the exact amount of damages to award, the Court must consider "the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, and the extent to which such noncompliance was intentional."  15 U.S.C. § 1692k(b)(1); *see also Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 559 U.S. 573, 578 (2010) (the court must consider the provisions of § 1692k(b) in awarding statutory damages).

Here, Defendant is deemed to have admitted making a materially false statement to Plaintiff.  Plaintiff, however, has not provided any information regarding the frequency or tone of Defendant's communications, other than to say that Plaintiff and the Defendant "had telephone conversation(s)" regarding the Account.  (ECF No. 1 ¶

7

26.)  Although Defendant's acts violated the FDCPA, there is no indication that they were so persistent or egregious as to warrant the maximum statutory penalty.

Balancing the falsity of Defendant's statement against the absence of any indication that it engaged in a pattern of frequent or persistent misconduct, the Court awards Plaintiff $500.00 in statutory damages pursuant to §1692k(a)(2)(A) of the FDCPA.  *See Scadden v. Weinberg, Stein & Assocs.*, 2013 WL 1751294, at *4 (D. Colo. Apr. 23, 2013) (awarding plaintiff $500 in statutory damages where defendant violated multiple FDCPA provisions, but plaintiff did not provide information regarding the frequency or tone of defendant's communications).

## D.    Attorneys' Fees and Costs

Plaintiffs also seek an award of attorneys' fees, costs, and expenses.  (ECF No. 11 at 9-10.)  Federal Rule of Civil Procedure 54(d) provides that costs, other than attorney's fees, should be awarded to a prevailing party, and 28 U.S.C. § 1920 provides that such an award is to be made upon the filing of a bill of costs.  Additionally, under the FDCPA, attorney's fees are granted to successful litigants pursuant to 15 U.S.C § 1692k(a)(3).

Plaintiff seeks attorney's fees in the amount of $2,700.00, which is 10.8 hours at the rate of $250.00 per hour.  (ECF No. 11-1.)  In the Court's view, the hourly rate for Plaintiff's counsel isreasonable, but the total amount of hours spent by Plaintiff's counsel, on a case that was decided by default judgment, appears somewhat high. This is not the first time Plaintiff's counsel has alleged violations of the FDCPA for these same misstatements.  *See Hudspeth*, 2013 WL 674019, at *5 (alleging same three misstatements).  As such, there was little research in the legal services rendered to

Plaintiff, which shows the routine nature of the work and the chances of it being completed with some level of efficiency.

"Counsel cannot have it both ways: he cannot, on the one hand, hold himself out as a specialist in FDCPA litigation; and, on the other, charge for excessive and unnecessary hours for routine meetings and preparation of work." *Nuanes v. NCC Bus. Servs.*, 2012 WL 5464598, at *2 (D. Colo. Nov. 9, 2012) (admonishing Plaintiff's attorney for submitting a request for attorney's fees for hours that the Court found to be excessive). The Court, therefore, in its discretion, subtracts 20% from the total hours expended by Plaintiff's counsel, and Plaintiff is awarded $2,160.00 in attorney's fees. *See Malloy v. Monahan*, 73 F.3d 1012, 1018 (10th Cir. 1996) (explaining that the district court need not identify and justify every hour allowed or disallowed in the assessment of attorney's fees).

Plaintiff also seeks an award of $420.00 in costs—$350.00 for federal court filing fees and $70 to effectuate service on the Defendant. (ECF No. 11 at 9.) The Court finds that this amount is reasonable and that Plaintiff has established that he is entitled to recover this amount.

## IV.  CONCLUSION

For the reasons set forth above, the Court ORDERS as follows:

1.  Plaintiff's Motion for Default Judgment (ECF No. 11) is GRANTED; and

2.  Plaintiff is entitled to and is hereby awarded $500.00 in statutory damages, $2,160.00 in attorney's fees, and costs of $420.00.

Dated this 31st day of October, 2014.

BY THE COURT:

William J. Martínez
United States District Judge